VAN SLYCK *v.* ARSENEAU.

1. PROCESS—INDORSEMENT BY ATTORNEY—SUFFICIENCY.

Where an affidavit, writ of attachment, and return were inclosed in a cover to which they were affixed, and on the cover, but not on the writ itself, the name of plaintiff's counsel was written, and the copies served were inclosed in a similar cover, there was a sufficient compliance with the statute requiring the attorney for plaintiff to subscribe the writ by writing his name thereon.

2. LOGS AND LOGGING—LIEN—JUDGMENT AGAINST PRINCIPAL CONTRACTORS.

A default judgment against a principal contractor in a suit against him and the owner to enforce a lien on logs for labor is, in the absence of a showing to the contrary, assumed to be valid.

3. SAME—CONSOLIDATION OF LIENS.

A statement filed under the log-lien law showing the claim of a person for services exceeding $100 is not invalid because an attempt was made to include the claims of others in the same statement.

4. APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.

A verdict on a disputed question of fact is final.

Error to Houghton; Streeter, J. Submitted April 6, 1905. (Docket No. 29.) Decided May 12, 1905.

Attachment proceedings under the log-lien law by James D. Van Slyck against Frank Arseneau and the Sagola Lumber Company. There was judgment for plaintiff, and defendant lumber company brings error. Affirmed.

*J. F. Hambitzer*, for appellant.

*Chadbourne & Rees*, for appellee.

HOOKER, J.   On April 11, 1902, one John Chase swore to and caused to be filed a statement of lien embodying claims for himself and three others, aggregating $675.31. Each claim was separately stated.   It included a statement that said persons had designated said John Chase their agent for prosecuting said lien, or any suit necessary to enforce the same, and asked that the claims, as thus united, be treated as one lien upon the property of the Sagola Lumber Company, upon which said persons had respectively performed labor under contracts with one Frank Arseneau, who in turn had such labor performed by virtue of a contract with said lumber company.   The plaintiff, Van Slyck, was one of those whose claims were included in the statement of lien.   He began an action by attachment against Arseneau soon after the statement was filed.   This writ issued May 24, 1902.   Some logs were attached, and the writ was personally served upon Arseneau and upon the Sagola Lumber Company, the owner of the logs.   The writ and affidavit were inclosed in a cover to which they were affixed, and upon this cover, and not upon the writ itself, the name of counsel was written or printed.   The Sagola Lumber Company appeared, and pleaded the general issue, and its attorney appeared at the trial of the issue thus raised.   Judgment by default was entered against Arseneau, who did not appear at the trial; also against the Sagola Lumber Company, and it has appealed.

1. It is claimed that the court erred in admitting against objection any testimony against the primary debtor, Frank Arseneau, for the reason that no valid writ was served upon him.   We understand this to mean that the judgment against the Sagola Lumber Company was irregular for the reason that no valid service of the attachment was made upon Arseneau, it being defendant's contention that "no valid lien can attach against appellant's property unless a valid judgment is first obtained against the contracting party."   The point to this claim, as indicated by defendant's brief, is that the writ of attachment

did not bear the name of plaintiff's attorney, and that "there was nothing in the proof of service in the writ attached to the same, or anything inside of the cover, to show that the attorney for the plaintiff subscribed or indorsed the writ by writing his name and address thereon, unless it be assumed that the served copy was indorsed as the original, which was indorsed as is usually done before filing." As we understand it, the affidavit and writ of attachment and the return were all inclosed in the cover bearing the signature of plaintiff's counsel, and that the copies served were inclosed in a similar cover. This was a sufficient compliance with the law. There is no presumption that the cover was not attached to, and therefore a part of, the original writ when filed, and the return shows "service of a copy." If so, it included the cover. The fact that the return was also placed inside of the cover, is without significance. The judgment entered by default may or may not have been regular. The proceedings are not in the record, and, if they were, Arseneau has not questioned them. It must be assumed that they are valid. Moreover, error is not assigned upon the absence of a showing of a valid judgment, and therefore the question is not before us.

2. It is said that the statement of lien was not sufficient to support this proceeding, for the reason that it was consolidated with other claims. As has been said, four claimants joined in one statement, evidently relying upon 3 Comp. Laws, § 10762, as authority for doing so. This section was evidently designed for the benefit of those whose claims were individually less than $100, and not for the benefit of those who might have claims exceeding that sum. While section 10757, which provides how such liens shall be made and filed, makes no allusion to a practice of joining several claims in a single statement, we see no objection to it. This statement shows clearly the claim of this plaintiff, and there is no occasion to hold it invalid, because an attempt was made to include other claims in the same statement.

3. It is asserted that the court should have dismissed the suit, for the reason that the testimony as to the actual balance due for plaintiff's personal services was too indefinite and uncertain to form any reliable basis for a determination by the jury. We think that there was evidence from which the jury could determine the amount due for horse hire and that due for personal labor of the plaintiff. It was not error, therefore, to submit the question to them.

4. Error is assigned upon the verdict for $342.58 due for personal services and the application of the payments to the amount due for horse hire. We are of the opinion that these were disputed questions, and that the verdict is final.

Some other questions are discussed in the brief of defendant, but the foregoing discussion covers all questions properly before us.

The judgment is affirmed.

CARPENTER, McALVAY, GRANT, and MONTGOMERY, JJ., concurred.