## HANSEN v. WRANGELL NARROWS PACKING CO.
No. 3113–A.

First Division. Juneau.
Dec. 11, 1933,

W. L. Paul, of Juneau, for plaintiff.

R. E. Robertson, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the court on plaintiff's motion for judgment. An examination of the records fails to disclose any such motion has been in fact filed, but, since the motion has been argued to the court and briefs are on file, that deficiency in the record may be supplied.

To plaintiff's motion for judgment, objections were made and argued at the time, and briefs thereafter filed by Mr. H. L. Faulkner and Mr. R. E. Robertson as amicus curiæ, but who, in fact, represent parties who have acquired the property sought to be liened, or the major interest therein, since the filing of this suit.

In their behalf it is argued that plaintiff's motion for judgment should not be allowed for reasons inter alia:

First: That the purported lien does not contain the essential facts required by section 2, chapter 53, Laws of 1923, in this:

(a) That it fails to set out the amount of the lien of either Hansen or any of his alleged assignees.

(b) Fails to describe the property sufficiently to put on notice all parties interested.

(c) Does not describe the labor or materials for which the lien is claimed.

(d) Does not state the time when, and place where, said labor and materials were furnished, or by whom, other than by lumping or general statement.

Numerous other objections are made to the validity and sufficiency of the proceedings, some of which are well founded, but which it is unnecessary to go into here.

As this case is a suit to foreclose a lien or liens for labor and materials furnished to defendant, if the lien itself is invalid, the suit must inevitably fail.

The court has examined the records and files in this case, and finds that the notice of claim of lien filed by the plaintiff, Hansen, on September 23, 1930, is not a valid claim of lien, for the reasons:

■ That said claim of lien purports to cover general labor "in the preparation of fish for food; salmon, groceries and other material necessary to operate a fish cannery," by the lien claimant, Hansen, only, whereas the complaint seeking to foreclose this lien alleges 102 separate and distinct claims which were allegedly assigned to the plaintiff and go to make up the amount for which plaintiff claims a lien and for which he seeks judgment in his complaint.

Our statute (section 2, chapter 53, Laws of Alaska 1923) provides: "The lienor shall file with the Commissioner and ex-officio recorder in the precinct in which such labor and material or part thereof was furnished a statement of the lien, which statement shall set out the amount of the lien, the name of the debtor, description of the property on which the lien is claimed, the name of the owner of the property so far as known to lienor, description of the labor or material for which lien is claimed and the time when and place where the same was furnished."

■■ In the instant case the lien filed by the plaintiff, Hansen, wholly fails to conform to the statute, and, since the plaintiff's claim is wholly statutory, a compliance there-

with is absolutely necessary as a basis for his suit. It is noted that the statute above referred to requires inter alia that the lien statement must contain "the amount of the lien, the name of the debtor, * * * description of the labor or material for which lien is claimed and the time when and the place where the same was furnished," and that the statement of the lien filed contains none of this matter. The object of the lien statute is to acquaint and give notice to the party against whom the lien is filed as to all of whom are making such claims and the particulars of each claim, so that the party against whom such liens are filed may check up and verify such claims and allow such as are just and true and correct or disallow such as are unjust or untrue; otherwise the party against whom liens are claimed would be at the mercy of any lien claimant.

■ Counsel for plaintiff contends that one person may file a labor lien for himself and all others who wish to join him, stating the amount in one lump sum. This may be true as a general proposition, but, in doing this, the person filing the lien must set out the name of each person for whom or in whose behalf he files the lien, a description of the labor or material done or furnished by each of said parties, the time when and the place where the same was furnished, the amount claimed by each of said parties, and the fact that such account has been assigned to plaintiff, if such be the fact.

■ Our statute (section 1, chapter 53, Laws of Alaska, 1923) gives to any person, or his assigns, who contributes to the preparation of fish or acquatic animals for food, etc., a lien upon the product or output of the cannery, saltery, or other plant or establishment for which such material or labor was furnished, as well as upon such plant or establishment itself; but the statute does not give to such person or his assigns the right to a lien based upon his general statement of a lump sum as due to himself, where the facts show that the items, necessarily included to make up the lump sum, include the labor and materials furnished by oth-

ers, unless the particulars required by the statute are stated in the lien notice, and it is not sufficient to set out in his complaint for the foreclosure of such alleged lien, the claims upon which it is based. As heretofore stated, our statute specifies what shall be set out in the lien notice or statement, and these conditions must be complied with strictly before any lien attaches, in order to constitute a valid lien. Plaintiff's counsel, however, contends that our statute enjoins a "liberal construction" of the statute, and directs the court to construe it liberally "to effect such purpose," etc., and cites the case of Van Slyck v. Arseneau, 140 Mich. 154, 103 N. W. 571, in support of his position. That case, however, does not support counsel's position. In that case a statement of lien was filed embodying claims for the lien claimant and three others, but each claim was separately stated. This I take to be a correct statement of the law and in consonance with the holdings in every jurisdiction to which my attention has been directed.

Other questions were raised as to whether the suit for foreclosure of the lien was commenced in time, the sufficiency of the service upon the defendant, etc., but, since the case will have to be disposed of on the sufficiency of the lien, it is not necessary to pass upon the other questions raised.

Plaintiff's motion for judgment will therefore be denied, and an order entered in conformity herewith.