RUDELL *v.* UNION GUARDIAN TRUST CO.

1. PROCESS—SUBSCRIPTION OR INDORSEMENT BY PLAINTIFF'S AT-
TORNEYS.
   Sufficient compliance with statutory and court rule requirement
   as to subscription or indorsement by plaintiff's attorneys of
   summons in chancery case was established where the firm name
   of such attorneys was typewritten beneath the underwriting on
   the summons on which return of service was made (3 Comp.
   Laws 1929, § 14065; Court Rule No. 14, § 1 [1933]).

2. SAME—OMISSION OF DESIGNATION OF RETURN DATE.
   Failure to designate a return date on summons in a chancery
   suit was not prejudicial to defendant where summons was
   personally served upon defendant by delivering a copy thereof
   to her and exhibiting the summons bearing the trial court's
   seal, no claim is made that service was not made on defendant
   within the time fixed by court rule for designation of return
   day therein, and copy served definitely notified defendant that
   suit by plaintiff had been commenced and if she desired to
   defend the same she was required to file her appearance within
   15 days after service of summons (3 Comp. Laws 1929,
   § 14066; Court Rule No. 14, § 1 [1933]).

3. SAME—CHANCERY CASE—SERVICE—INDORSEMENT BY PLAINTIFF'S
ATTORNEYS.
   Chancery court obtained jurisdiction over defendant in suit where
   firm name of plaintiff's attorneys was typewritten beneath
   underwriting of summons, original summons bearing trial
   court's seal was exhibited to her when personal service was
   made upon her and true copy left with her, and no claim is
   made that process was not served within time fixed by court
   rule for designation of return day (3 Comp. Laws 1929,
   §§ 14065, 14066; Court Rule No. 14, § 1 [1933]).

4. SAME—PURPOSE OF STATING RETURN DATE.
   The only purpose of stating a return day in a summons is to
   advise the officer within what time service thereof must be had
   (3 Comp. Laws 1929, §§ 14065, 14066; Court Rule No. 14, § 1
   [1933]).

Deviation from the terms of a trust by the trustee where unforeseen
circumstances arise, see 1 Restatement, Trusts, § 167.

5. MORTGAGES—TRUST MORTGAGES—BONDHOLDERS.

As a general rule a bondholder under a trust mortgage cannot be made to accept anything in satisfaction of his bond except that which he is required to take under the terms of the trust agreement which are adequately embodied in his bond and bondholder has a right to insist that he shall receive in satisfaction of his bond that which is provided by the trust agreement and the bond itself.

6. EQUITY—TRUSTS.

Equity has inherent power to administer trusts.

7. JUDGMENT—RES JUDICATA—JURISDICTION.

Decree of court before which trustee under trust mortgage who had become possessed of the fee of the mortgaged property and was holding it at time of suit for direction as to further action had been instituted by trustee and in which plaintiff's testatrix, a bondholder, had been personally served was *res judicata* of executor's right to recover on bond in an action at law even though unappealed decree involved may have been erroneous.

8. SAME—COLLATERAL ATTACK—JURISDICTION.

Decree in previous chancery suit brought by trustee under trust mortgage securing bonds, one of which was held by plaintiff's testatrix who had been personally served with process, against bondholders for directions as to trustee's duties could not be collaterally attacked in action at law by a bondholder against trustee where chancery court had had jurisdiction over the subject matter of the suit and testatrix' person.

9. SAME—COLLATERAL ATTACK.

A collateral attack of a judgment can be successful only where and to the extent that it discloses a want of power to render a judgment as distinguished from error in the exercise of power that was possessed.

10. APPEARANCE—JURISDICTION.

After having been subjected to the jurisdiction of a court by valid service of process a defendant cannot oust a court of jurisdiction by failing to make an appearance in the case.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 5, 1940. (Docket No. 29, Calendar No. 40,777.) Decided October 7, 1940.

Assumpsit by William R. Rudell, executor of the estate of Elizabeth Thorley, deceased, against Union Guardian Trust Company, a Michigan corporation, to recover on a bond secured by a trust mortgage under which defendant corporation was trustee. Case dismissed. Plaintiff appeals. Affirmed.

*Yerkes, Goddard & McClintock,* for plaintiff.

*Shaeffer & Dahling,* for defendant.

NORTH, J. In this suit at law plaintiff seeks to recover on a bond issued under and secured by a trust mortgage covering real estate in Detroit. The Union Trust Company, now Union Guardian Trust Company and defendant herein, was the trustee under the mortgage. Defendant's motion to dismiss plaintiff's suit was granted by the circuit judge on the ground that plaintiff's cause of action was adjudicated in an earlier chancery suit instituted and prosecuted to final decree by the defendant herein. Plaintiff has appealed.

Plaintiff's decedent purchased one of the trust mortgage bonds in the sum of $1,000. Prior to the maturity of the bond the mortgagor defaulted. Various attempts were made to foreclose the trust mortgage, but none of them were completed. Pending such proceedings the trustee through mesne conveyances acquired the title in fee to the mortgaged property. Thereupon the trustee filed a bill of complaint for the purpose of obtaining from the court direction as to what further action the trustee should take in the performance of its trust duties. The plaintiff in the chancery case sought to make all holders of outstanding bonds defendants, among whom was plaintiff's decedent. The summons issued in the chancery case was duly served upon her

and return of such service made; but she did not appear in the case and her default was entered.

Trial of the chancery case resulted in a decree which authorized and directed the trustee to discharge the trust mortgage without foreclosure proceedings, to set up a new liquidating trust and to hold the property under it. Further, the decree in substance directed that the bondholders should surrender their bonds for cancellation and accept in lieu thereof certificates of beneficial interest in the liquidating trust. If plaintiff's decedent was bound by the decree entered in the chancery case her present suit on the bond was properly dismissed for the reason that her rights as a bondholder were adjudicated by the decree in the chancery case.

But plaintiff herein contends that his decedent's rights were not adjudicated in the chancery case because she was not served with valid process and in consequence thereof she is not bound by the decree entered. In this connection plaintiff points out that the summons issued in the chancery case was not "subscribed or indorsed" by the attorneys appearing for the plaintiff in that case, as required by 3 Comp. Laws 1929, § 14065 (Stat. Ann. § 27.732); and further, that no return date of service of process was provided in the summons as directed by 3 Comp. Laws 1929, § 14066 (Stat. Ann. § 27.733), and Court Rule No. 14, § 1 (1933). In this connection it should be noted that the name of the firm appearing as attorneys for plaintiff was typewritten beneath the underwriting on the summons on which the return of service was made. The sworn return of the process server states that he personally served the summons upon Elizabeth Thorley, the defendant named in said summons, by delivering to her "a true copy of said summons, inscribed 'copy' and subscribed by Shaeffer & Dahling, attorneys for plain-

tiff, and by showing at the same time * * * (to Elizabeth Thorley) the said summons, with the seal of the court impressed thereon, on which copies so served was a true copy of the underwriting on the said summons.'' Sufficient compliance with the requirement that the process should be ''subscribed or indorsed'' in the name of plaintiff's attorneys was established. No claim is made that process was not served on plaintiff's decedent within the time fixed by rule for designation of a return day therein. This record discloses that the summons was issued March 7, 1938, and was served on Elizabeth Thorley March 10, 1938. The failure to designate in the summons a return day was in no way prejudicial to plaintiff's decedent. The original process bearing the seal of the court was shown to her and the copy served upon her definitely notified her that the bill of complaint in the case instituted by the Trust Company had been filed against her and others and that if she desired to defend same she was required to have her appearance filed in the cause ''within fifteen days after service of this summons upon you.'' Appellant's contention that the court did not obtain jurisdiction over the person of plaintiff's decedent in the chancery case is not tenable. While not fully in point but as bearing somewhat on the questions under consideration, see *Van Slyck* v. *Arseneau,* 140 Mich. 154; *Foster* v. *Talbot,* 257 Mich. 489; *Neidhold* v. *Henry,* 210 Mich. 598. In the last-cited case we said: ''The only purpose of stating a return day therein is to advise the officer within what time such service must be had.''

The further contention is made by appellant that in the chancery proceedings the court had no jurisdiction of the subject matter and therefore the decree rendered was ineffectual as to any rights of plaintiff's decedent. Appellant's position is that it was be-

yond the power of the court in equity to compel plaintiff's decedent as a bondholder to take an interest in a new trust in lieu of cash since the trust indenture under which the bond was issued provided that upon default the security should be sold and the proceeds distributed to the bondholders.

As a general rule a bondholder cannot be made to accept anything in satisfaction of his bond except that which he is required to take under the terms of the trust agreement which are adequately embodied in his bond. Instead he has the right to insist that he shall receive in satisfaction of his bond that which is provided by the trust agreement and the bond itself. *Detroit Trust Co.* v. *Stormfeltz-Loveley Co.,* 257 Mich. 655 (88 A. L. R. 1263). But in trust relations unforeseen circumstances or conditions may come about which render the above rule not literally applicable. Appellant herein admits that in certain circumstances the decree rendered in the chancery case would be proper. This case is a fitting example of the occurrence of unforeseen conditions. The trustee became possessed of the fee of the mortgaged property and was holding it at the time the chancery case was before the court. Obviously because of this fact nothing more could be accomplished by a foreclosure of the mortgage, with a possible exception of taking a deficiency decree against the mortgagor. There is nothing in the record in the instant case which would sustain a conclusion that plaintiff was in any way injured because the trustee did not obtain a deficiency decree against the mortgagor. And if at the time of the chancery proceedings the rights of the bondholders required a sale of the mortgaged property, it was still within the power of the court to direct the trustee to sell the property in the manner of a foreclosure sale. These and other circumstances disclosed by the record force the conclusion

that the court in the chancery case did have jurisdiction of the subject matter of proceedings pending before it. Equity has inherent power to administer trusts. *In re Estate of Kingsbury,* 51 Mich. 623; *In re Dissolution of Detroit Metropolitan Corp.,* 289 Mich. 358, 373, 377. Having jurisdiction both of the person of plaintiff's decedent and of the subject matter in the chancery proceedings, the decree of the court became *res judicata* as to the rights of the decedent as a bondholder.

The conclusion just stated is not affected by the fact that the court may have arrived at an erroneous conclusion, as plaintiff now asserts. If such was the fact the remedy was by appeal; but the decree may not be collaterally attacked in the present proceedings.

"It must be held that the court, so far as the validity of its judgment is concerned and against a collateral attack, has the same abstract right to decide wrong as to decide right. In other words, it is not the result reached which determines whether or not the judgment is void, but the power or authority which we call jurisdiction and which lies behind the mere conclusion that determines the question.

"To decide wrong, where authority exists to pronounce judgment, is error, which can only be corrected by appeal, et cetera. To decide wrong, where no jurisdiction exists to pronounce judgment of the character involved, renders the adjudication void, and it can be attacked anywhere and collaterally." *Crew* v. *Pratt,* 119 Cal. 139, 151 (51 Pac. 38).

Collateral attack "can be successful only where and to the extent that it discloses a want of power as distinguished from error in the exercise of power that was possessed." *Johnson* v. *Railway Co.,* 289 U. S. 479, 496 (53 Sup. Ct. 721).

Had plaintiff's decedent appeared in the chancery case and asserted that, instead of taking an aliquot

interest in a new trust, she was entitled to have the mortgaged property sold by the trustee, the issue of necessity would have then been adjudicated by the court which confessedly had jurisdiction. Had decision been adverse to plaintiff's decedent she could have appealed; but by her having failed to appear in the case after valid service of process upon her she could not and did not oust the chancery court of jurisdiction. As noted above, decision in the equity proceedings was *res judicata* of the right of plaintiff in the instant case to recover in this suit at law which was not brought against the mortgagor, but instead against the trustee.

The order entered in the circuit court dismissing plaintiff's suit is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST and BUTZEL, JJ., concurred.