SADOW *v* LOSH

COTTON *v* SADOW

1. TRUSTS—MORTGAGE—POWERS OF TRUSTEE.

The powers of a trustee under a trust mortgage are measured by the terms of the trust deed, any obligations secured thereby, and such powers as are conferred by necessary implication.

2. TRUSTS—MORTGAGE—POWERS OF TRUSTEE—EQUITY.

A court of equity has power to confer the power to sell and convey property subject to a deed of trust or trust mortgage upon the trustee even though the trust instrument does not confer those powers on him.

3. TRUSTS—POWERS OF TRUSTEE—SALE OF TRUST PROPERTY.

A trustee under a valid, recorded trust which neither contains a valid power of sale nor necessarily implies such power but does not restrict sale, has power to sell and convey if (a) all persons having a beneficial interest join with him in conveyance or convey by separate instrument, or (b) the sale is authorized and confirmed by valid order of a court of competent jurisdiction.

4. TRUSTS—POWERS OF TRUSTEE—IMPLIED POWERS.

A trustee, under a valid recorded trust which contains no express power of sale, may have an implied power of sale if the trust imposes on him duties which cannot be performed in the absence of such power.

5. TRUSTS—MORTGAGE—POWERS OF TRUSTEE.

The trustee under a trust mortgage had no power to sell the land subject to that trust mortgage where the trust instrument, although not prohibiting him from selling the property, gave him power to do only those things required by a majority vote of the bondholders under the trust and he did not receive the necessary authority, and where the power of sale

REFERENCES FOR POINTS IN HEADNOTES

[1–8] 54 Am Jur, Trusts §§ 433, 476–479.
[6–8] 54 Am Jur, Trusts §§ 268–270.

cannot be given by implication because he had no duties which would require him to sell the land prior to the natural expiration of the equity of redemption.

6. TRUSTS—POWERS OF TRUSTEE—BUYER CHARGED WITH NOTICE.

The buyer of property subject to a trust is charged with notice of the trust as a matter of law where the trust had been properly recorded, the seller adequately disclosed that he was acting as the trustee of the property, and the contract of sale made reference to the existence of a trust.

7. TRUSTS—POWERS OF TRUSTEE—BUYER CHARGED WITH NOTICE.

The buyer of property subject to a trust who is charged with notice of the trust is bound to ascertain at his peril the terms of the trust and to make careful inquiry into the authority of the trustee to enter into a binding agreement of sale.

8. TRUSTS—POWERS OF TRUSTEE—CONTRACT OF SALE—BUYER CHARGED WITH NOTICE.

The buyer of property subject to a trust who is charged with notice of the trust is not entitled to specific performance of the contract of sale nor to damages where the contract of sale, entered into with the trustee, is invalid because the trustee exceeded his authority under the trust in signing the contract.

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 January 12, 1972, at Detroit. (Docket Nos. 10164, 10165.) Decided February 22, 1972. Leave to appeal denied, 387 Mich 811.

Complaint by Robert A. Sadow against Richard Losh, as trustee, for specific performance of a contract for the sale of land or, in the alternative, damages. Counsel for defendant Losh during the sale of the land, the law firm of Condit, Denison, Devine, Porter & Bartush, was added as a third-party defendant. Complaint by Harold G. Cotton and others against Robert A. Sadow for breach of trust in the sale of land without authority. Judgment for defendant Losh. Plaintiff Sadow appeals. Defendant Losh and third-party defendant law firm cross-appeal. Affirmed.

*Alspector, Sosin, Mittenthal & Barson, P. C.*, for plaintiff Sadow.

*Kahn & Kahn*, for defendant Losh.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr, P. C.* (by *John M. Heaphy*), for third-party defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and Van Valkenburg,[*] JJ.

J. H. Gillis, J. On February 1, 1968, defendant Losh, as trustee under a trust mortgage, entered into an agreement with plaintiff Sadow to sell the Dryden Ski Area, real estate held by the defendant[1] as trustee. At no time did the defendant seek or receive express approval from the mortgage note holders to sell the trust property to the plaintiff.[2] Defendant Losh ultimately refused to complete the sale of the property, whereupon plaintiff instituted the present suit seeking specific performance or, in the alternative, damages.

Construing the terms of the trust instrument, the trial court determined that defendant-trustee Losh was not empowered to sell the trust property without the approval of a majority in interest of the bondholders. Having found that there was insufficient evidence to show that defendant had the required approval, and further, that plaintiff was on notice as to possible limitations on defendant's authority, the trial court concluded that plaintiff was not entitled to specific performance or to damages.

---

[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Defendant refers to defendant Richard Losh.

[2] Plaintiff refers to plaintiff Robert A. Sadow.

From the decision of the trial court, plaintiff appeals.

The relevant portions of the articles of trust governing the powers of defendant-trustee are:

" * * * and the trustee herein does covenant and agree that * * * he will act as trustee for the same and in the place and stead of said noteholders and he will do any and all things required of him by a majority vote of the noteholders * * * ."

We adopt the trial court's construction of the articles:

"From this language one must readily conclude that the trustee does have the authority to sell the land if directed to do so by the majority in interest of the noteholders.

"The trust articles do not specifically prohibit him from selling of the land without a majority vote and clearly he has some implied authority to do some things without a majority vote. As to these matters, the agreement is incomplete and, perhaps, ambiguous.

" 'Generally speaking, the rights and powers of a trustee under a trust deed (trust mortgage) are derived from, and measured and limited by, the terms of the trust deed and, according to the decisions on the question, by any obligations secured thereby. * * * While it has been held that the powers of the trustee under a deed of trust will be construed strictly, and not liberally, it has been recognized that his powers are not limited to those expressly conferred, but include, as well, such as are conferred by necessary implication.' [See *Union Guardian Trust Co* v *Building Securities Corp,* 280 Mich 144, *aff'd* on rehearing 280 Mich 717 (1937).]

* * *

" 'Thus, it has been held that even though a deed of trust does not confer on the trustee power, after

acquiring title to the mortgaged property, to sell and convey it, a court of equity, * * * has, * * * power to confer such power on the trustee.' 59 CJS, Mortgages, § 299b, pp 372–374. [See *Rudell* v *Union Guardian Trust Co,* 295 Mich 157 (1940).]

" 'A trustee under a valid, recorded trust which neither contains a valid power of sale nor necessarily implies such a power but does not restrict sale, has power to convey lands if (a) all persons having a beneficial interest join with him in such conveyance or convey by separate instrument, or (b) such sale is authorized and confirmed by valid order of a court of competent jurisdiction.

" 'A trustee, under a valid, recorded trust which contains no express power of sale, may have an implied power of sale if the trust imposes on the trustee duties which cannot be performed in the absence of such power.' Michigan Land Title Standards (2d ed), 6.9, 6.10.

"The trustee had no duties here which required him to sell the land prior to the natural expiration of the equity of redemption. Whatever his implied powers might be at a later date it is my opinion that he had no implied power to sell the land at the time it was sold."

The trial judge found the following pertinent facts:

Defendant believed he was acting on behalf of, and with the authority of a majority in interest of, the noteholders in making what he thought was a binding sale. There was insufficient evidence to establish a grant of authority from said noteholders, and defendant did not, in fact, have the necessary authority.

Before he signed the agreement of sale, plaintiff knew that the property was subject to a trust mortgage, and that defendant was acting as trustee.

Both the trust articles and the notice of election of defendant as successor trustee were recorded. Defendant's signature followed by the words "as trustee" were on the agreement of sale before plaintiff signed it. Reference was made to the existence of a trust mortgage in an addendum to the agreement of sale. Plaintiff nevertheless failed to make inquiry into the authority of defendant to execute the contract.

After examination of the entire record, we conclude that the findings of the trial judge were correct.

In view of the foregoing, plaintiff was charged with notice of the existence of the trust as a matter of law. He was bound to ascertain at his peril the terms of the trust, and to make careful inquiry into the authority of the trustee to enter into a binding agreement of sale.

"Any person dealing with a trustee must determine at his own risk the authority of such trustee to execute a proposed contract." *Nichols* v *Pospiech,* 289 Mich 324, 333 (1939).

Since the defendant trustee exceeded his authority in executing the agreement of sale, the agreement was invalid. *Gibney* v *Allen,* 156 Mich 301 (1909). Having found that plaintiff was on notice, yet failed to make proper inquiry into defendant's authority, the trial court correctly concluded that plaintiff was entitled to neither specific performance nor damages.

The judgment is affirmed, with costs to the prevailing parties.

All concurred.