FRANTZ *v.* DETROIT UNITED RAILWAY.

1. PROCESS—ALIAS SUMMONS — SERVICE — LIMITATIONS — FAILURE OF ORIGINAL SUIT.

Where a writ purporting to be an alias summons has no proper basis as an alias, the previous writ having been informally returned, the second writ is not for that reason void, but, the statute of limitations not having run against the suit, it should, in case the first suit goes down, be treated as a new writ for a new suit and sustained accordingly.

2. SAME—COURT RULE.

Provisions " *a* " and " *b* " of Circuit Court Rule 1, providing for alias and pluries writs, have no application to cases in which the statute of limitations has not run.

Certiorari to Wayne; Hosmer, J.   Submitted January 18, 1907.   (Docket No. 67.)   Decided February 5, 1907.

Case by Edward Frantz, by next friend, against the Detroit United Railway and the Detroit, Fort Wayne & Belle Isle Railway Company for personal injuries.   There was an order denying a motion to quash the service of an alias summons, and defendants bring certiorari.   Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellants.

*Charles T. Wilkins*, for appellee.

MOORE, J.   November 29, 1904, plaintiff, by William Look, his next friend, caused a writ of summons to be issued as commencement of suit, out of the circuit court for the county of Wayne, in the above cause.   No service was made of this summons, nor was it placed in the hands of an officer for service.   According to the affidavit of William Look, the plaintiff's next friend and attorney, it was inadvertently left in some files in the attorney's office

pending negotiations for a settlement, until the 14th day of April, 1906. On that date, said attorney presented said summons, accompanied by an affidavit, to George S. Hosmer, circuit judge, who indorsed thereon the following:

" Issue alias.

"George S. Hosmer,
" Circuit Judge.

"April 14, '06."

A summons, purporting on its face to be an alias summons, was issued in said cause and was duly served. Defendants appeared and moved to quash the service, for the reason, among other things, that said alias writ was not issued and served in accordance with the rules and practice of the court, and because said alias summons, so served upon defendants, was irregularly issued and is void. This motion was overruled, and the case is brought into this court on writ of certiorari to review the action of Judge Hosmer therein.

In overruling this motion Judge Hosmer said:

" As the plaintiff is an infant, and as the statute of limitation had not run as to the cause of action on which said cause is based at the time when said second, or alias, writ of summons was issued and served, to wit, on the 14th day of April, A. D. 1906, I denied the defendants' and appellants' motion to quash the service of said second, or alias, writ of summons in said cause, deciding that, if the last writ had no proper basis as an alias, it was not, for that reason, void, and that, if the first suit had gone down, this second writ should be treated as a new writ for a new suit and sustained accordingly, and, the sheriff's return showing proper service of this second writ and no showing or claim being made in contradiction to such return, the case was properly in court, and the defendants' motion should be denied."

It is claimed that, because of the provisions " *a* " and " *b*," Cir. Ct. Rule 1, the second summons was void. At the time the second summons was duly served the statute of limitations had not run against plaintiff's cause of ac-

tion.    There is nothing in the rule in conflict with the
ruling of the learned circuit judge, and it is justified by
what was said in deciding *Axtell* v. *Gibbs*, 52 Mich. 639.
    Judgment is affirmed.

MCALVAY, C. J., and CARPENTER, GRANT, and
HOOKER, JJ., concurred.