### GUNN *v.* GUNN.

1. DISMISSAL AND NONSUIT—ISSUES OF FACT—PLEADING—MATTERS IN BAR.

   Issues of fact may not be disposed of upon motion to dismiss a bill; it must be determined from the bill alone whether it is maintainable, hence affidavits denying allegations of the bill will not be considered on motion to dismiss.

2. DIVORCE—EQUITY COURT—JURISDICTION—DOMICILE.

   An allegation by a husband in a bill for divorce that he was a resident of the county conferred jurisdiction upon the court, and if not true it was there open to attack.

3. SAME—RES JUDICATA—ESTOPPEL.

   The wife cannot collaterally raise the question of the husband's residence, in an independent suit, after waiting over a year after she had knowledge of his suit, and long after his remarriage.

4. PROCESS—ALIAS SUMMONS—SERVICE—LIMITATIONS—FAILURE OF ORIGINAL SUIT.

   Where a writ purporting to be an alias summons has no proper basis as an alias, the previous writ not having been seasonably returned, the second writ is not for that reason void, but, the statute of limitations not having run against the suit, it should, in case the first suit goes down, be treated as a new writ for a new suit and sustained accordingly.

5. JUDGES—DISQUALIFICATION—STATUTES—WAIVER.
   ╱ While section 12254, 3 Comp. Laws 1915, preserved the
     right to a litigant to a trial by a judge not related to
     either of the attorneys within the third degree of con-
     sanguinity, it is expressly provided that such right might
     be waived, and was waived unless objection in writing
     was filed before commencement of the trial or hearing.

6. DIVORCE—JURISDICTION—PROPERTY RIGHTS—POSTNUPTIAL AGREE-
   MENT—RES JUDICATA.
     Under section 11436, 3 Comp. Laws 1915, providing that "it
     shall be the duty of the court granting a decree to include
     in it a provision in lieu of the dower of the wife in the
     property of the husband, and such provision shall be in
     full satisfaction of all claims that the wife may have in
     any property which the husband owns," the court grant-
     ing a decree of divorce to the husband had jurisdiction
     to determine the claims of the wife to the property of the
     husband under a postnuptial agreement, and she may not
     maintain a separate suit thereon, over a year after the
     decree was entered, on the ground that said decree did
     not recognize all of her claims under said agreement.

Appeal from Wayne; Dingeman, J. Submitted Jan-
uary 15, 1919. (Docket No. 46.) Decided April 3,
1919.

Bill by Anna L. Gunn against Thomas J. Gunn and
another for the specific performance of a postnuptial
agreement. From a decree dismissing the bill, plain-
tiff appeals. Affirmed.

*William S. Jenney,* for plaintiff.

*Stellwagen & MacKay,* for defendants.

FELLOWS, J. In plaintiff's bill it is alleged that
she and defendant Thomas J. Gunn, were married
December 19, 1907. Facts are alleged in the bill which
constitute grounds for divorce. In many regards the
bill partakes of the character of a bill for divorce, but
such relief is not prayed. It is alleged that an agree-
ment was entered into for the settlement of property

matters which in part was carried out by Mr. Gunn and in part is still unperformed. It is alleged that Mr. Gunn obtained a decree of divorce in the Macomb circuit court and afterwards married the defendant Lillian Smith. It is insisted that these divorce proceedings are invalid for reasons which we shall presently discuss. Defendants filed a motion to dismiss in the nature of a demurrer accompanied by affidavits challenging certain allegations of the bill. From an order dismissing the bill, plaintiff appeals.

The affidavits denying allegations of the bill will not be considered on this motion. The issues of fact may not be disposed of upon motion to dismiss. *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166. We must, therefore, determine from the bill and from the bill alone, whether it is maintainable.

1. It is insisted that the circuit court of Macomb county did not obtain jurisdiction in the divorce case and that the proceedings therein are absolutely void. The following reasons are alleged in the bill and insisted upon in the argument of plaintiff's counsel: (*a*) That Mr. Gunn was not a bona fide resident of Macomb county; (*b*) That the original summons was issued August 26, 1916, returnable September 26th following, was not served, and was not returned until December 30th following, when it was returned as not served and an alias issued; that the suit abated and the court lost jurisdiction; (*c*) That James G. Tucker, Jr., an attorney and son of James G. Tucker, circuit judge, who heard the case, appeared for Mr. Gunn.

(*a*) In Mr. Gunn's bill he alleged that he was a resident of Macomb county. This allegation conferred jurisdiction upon the court. If it was not true it was there open to attack by the defendant there, plaintiff here, who had notice of that proceeding. She cannot after waiting over a year after she had knowledge of the suit and long after defendant's re-marriage, col-

laterally raise for the first time in an independent suit
this question which might have been then tried.

(b) The original summons was returnable September
26th. It was not served. On December 30th it
was returned showing this fact and another summons
labeled "alias" was issued and was served. It is in-
sisted by counsel for plaintiff here that the continuity
of the suit was not preserved and that it abated upon
the failure to seasonably return the original writ and
procure the issuance of an alias writ, and *Colling* v.
*McGregor,* 144 Mich. 651, *Peck* v. *Insurance Co.,* 102
Mich. 52, and kindred cases are relied upon. In each
of these cases the statute of limitations was involved,
and it was held that it was necessary, to prevent the
running of the statute, to preserve the continuity of
the suit by the issuance of successive alias and pluries
writs. But in the instant case the statute of limita-
tions is not involved. The case is therefore controlled
by *Axtell* v. *Gibbs,* 52 Mich. 639; *Frantz* v. *Railway,*
147 Mich. 199. In the *Axtell Case,* Chief Justice
COOLEY, speaking for the court, said:

"But if the last writ had no proper basis as an
alias, it was not for that reason void. If the first suit
had gone down, this should have been treated as a
new writ for a new suit, and sustained accordingly."

(c) Section 12254, 3 Comp. Laws 1915, provides:

"No judge of any court shall sit as such in any
cause or proceeding in which he is a party, or in which
he is interested, or in which he would be excluded
from being a juror by reason of consanguinity or affin-
ity to either of the parties; nor shall any judge decide,
or take part in the decision of any question which
shall have been argued in the court, when he was not
present and sitting therein as a judge. *Nor shall any
judge sit as a court in any cause in which he is related
within the third degree of consanguinity to either of
the attorneys or counselors of either party to said
cause: Provided, That such last mentioned disqualifi-*

*cation be made to appear and that it may be waived by stipulation, filed in the cause; and it shall be deemed to have been waived unless the objection on account of such qualification [disqualification] shall have been filed in writing at or before the commencement of the trial or hearing."*

This provision is section 7, chapter 4, Act No. 314, Pub. Acts 1915 (the judicature act).. It is a substantial re-enactment and amplification of section 1109, 1 Comp. Laws 1897, the words in italics being the added provision.

It is insisted by counsel that the appearance of the son of the circuit judge as attorney for Mr. Gunn renders the decree void, and subject to collateral attack. It is contended that the provision with reference to relationship to one of the attorneys found in the judicature act should be construed as was the former provision. With this contention we cannot agree. The commission which prepared this act and the legislature which enacted it very clearly had in mind the former decisions of this court under the former law; and, while preserving the right to the litigant to a trial by a judge not related to either of the attorneys within the degree named, expressly provided that such right might be waived and was waived unless objection in writing was filed before the commencement of the trial or hearing. These provisions are meaningless if years after the rendition of judgments and decrees they may be open to collateral attack because one of the attorneys was related to the trial judge.

We conclude, therefore, that the decree of divorce rendered by the circuit court for the county of Macomb was not void and was not open to collateral attack in the circuit court for the county of Wayne.

2. The bill alleges the making of a postnuptial agreement for the settlement of property matters, its partial performance by the defendant, sets up its breach

in other particulars and prays for a decree for the specific performance of its terms. It is most strenuously urged that the bill may be maintained as a bill for the specific performance of this postnuptial contract independent of the questions already discussed. It must be borne in mind that this is not a petition for the modification of the decree for alimony or allowance filed under the provisions of section 11417, 3 Comp. Laws 1915, but is an independent suit brought so far as the question now under consideration is concerned for the specific performance of a postnuptial agreement. While this court has frequently recognized the jurisdiction of a court of equity in cases of contracts between husband and wife where grounds of equitable jurisdiction exist, the recent case of *Tipson* v. *Jeannot*, 204 Mich. 403, must be regarded as controlling of the question here involved. In that case the husband and wife entered into a postnuptial agreement for the settlement of their property matters, divorce proceedings being then pending. Before a decree had been entered disposing of the divorce case, the wife died. Proceedings were instituted for the settlement of her estate in the probate court of Muskegon county. The bill was afterwards filed to secure the enforcement of the postnuptial contract. This court, while recognizing equitable jurisdiction in proper cases, there held that the probate court of Muskegon county, having first obtained jurisdiction, and the validity of the contract not being assailed, such court should hear and determine the question. In the instant case the circuit court for the county of Macomb first acquired jurisdiction over the controversy between these parties. The present plaintiff was duly served with process from that court. Section 11436, 3 Comp. Laws 1915, provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty

of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

Under the express terms of this statutory provision the circuit court for the county of Macomb had jurisdiction to determine her claims under this postnuptial agreement in the property of her husband. That court first acquired jurisdiction. By the decree there granted, provision was made for the carrying out of part of the terms of the postnuptial agreement. Plaintiff insists there were other agreements not included in the decree. If so, she had the opportunity to appear and assert them. She chose not to do so, but to file an independent bill something over a year after that decree was entered. Following the recent case above cited we must hold that the circuit court for the county of Macomb, having first acquired jurisdiction, this bill is not maintainable. The trial judge so held.

The decree is affirmed, without costs to either party.

BIRD, C. J., and MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.