ROOD *v.* McDONALD.

1. APPEARANCE—SPECIAL    APPEARANCE—FILING—DEFAULT—CURING
IRREGULARITY.
Entry of special appearance by defendant one day late was
timely where plaintiff had failed to enter a default or take
any action in the interim, the irregularity being cured by
the subsequent filing of such appearance (3 Comp. Laws 1929,
§ 14069; Court Rule No. 14, §§ 3, 4 [1933, as last amended
in 1939]).

2. PROCESS—SUBSCRIPTION OR INDORSEMENT BY PLAINTIFF'S ATTOR-
NEY—UNDERWRITING.
Sufficient compliance with statutory and court rule requirement
as to subscription or indorsement by plaintiff's attorney of
summons in chancery case was established where his name was
indorsed in typewritten form on the underwriting (3 Comp.
Laws 1929, § 14065; Court Rule No. 14, § 4 [1933, as last
amended in 1939]).

3. SAME—UNDERWRITING—VARIANCE IN LANGUAGE IN ORIGINAL AND
MESNE SUMMONSES.
Slight variance in language used in underwriting on original
and mesne chancery summonses did not invalidate them
(Court Rule No. 14, § 4 [1933, as last amended in 1939]).

4. SAME—RETURN.
An officer's return is an official statement by him of what he
has done in obedience to a command from a superior author-
ity, or why he has done nothing, whichever is required.

5. SAME—ALIAS SUMMONS—PREREQUISITES—FAILURE OF SERVICE—
RETURN OF NONSERVICE.
Before an alias summons may be issued the previous writ must
have been unserved and there must be proof of such nonserv-
ice in order to legally issue the alias summons (Court Rules
No. 13, § 2; No. 14, § 1 [1933]).

Voidability of judgment where method of notification provided for
is not followed, see Restatement, Judgments, § 6, comments a and b.

6. SAME—ALIAS SUMMONS—RETURN OF SERVICE OR NONSERVICE.

After filing of first, second and third alias summonses without return either of service or nonservice, no proper alias writ could be issued then or thereafter (Court Rules No. 13, § 2; No. 14, § 1 [1933]).

7. SAME—AMENDMENT—DISCRETION OF COURT.

When there is process of record to amend, the trial court has discretion as to whether or not an amendment may be made, a discretion with which the Supreme Court has no inclination to interfere (3 Comp. Laws 1929, § 14144).

8. SAME—AMENDMENT—ABSENCE OF RETURN OF SERVICE OR NON-SERVICE.

In the complete absence of any return either of service or nonservice on alias summonses, a trial court may not authorize an amendment to supply such defect (3 Comp. Laws 1929, § 14144; Court Rules No. 13, § 2; No. 14, § 1 [1933]).

9. JUDGMENT—ORDER PRO CONFESSO A NULLITY WHERE PROCESS INVALID.

Order *pro confesso* as to defendant against whom only an invalid alias summons was served was a nullity.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 26, 1942. (Docket No. 41, Calendar No. 42,104.) Decided December 23, 1942.

Bill by Marion B. Rood, as administratrix of the estate of Stella D. Rood, against Ray H. McDonald and others to cancel a land contract. From order quashing service of process on Albert J. Stahelin, plaintiff appeals. Affirmed.

*Royal D. Rood,* for plaintiff.

*Wendell Brown,* for defendants, co-general guardians of the person and estate of Albert J. Stahelin.

BUTZEL, J. Plaintiff in a bill of complaint filed May 31, 1940, sought the cancellation of certain land contracts and reimbursement of all moneys paid and

interest. Successive writs of summons were. issued, personal service finally made upon defendant Albert J. Stahelin on August 12, 1941, and proof thereof filed. On the sixteenth instead of the fifteenth day* after service, Stahelin caused his special appearance to be filed and moved to quash the service. He based his motion upon the record and the fact that the original writ and the first and second alias writs were filed without any indorsement whatsoever to show either service or lack of service; and the further reason that on two of the mesne writs the name of plaintiff's attorney was only indorsed in typewritten form; that the language in the sworn statements of nonservice on the original writ and one mesne writ lacked essential details; that the underwriting upon the successive writs varied in wording; and that the alias writ that was finally served was not lawfully issued. Two days after defendant Stahelin had entered a special appearance and motion to quash, plaintiff entered an order of default and *pro confesso* as against defendant Stahelin. Three days later, plaintiff filed an affidavit and petition for an amendment of the returns on the various writs. Both plaintiff's motion to amend the writs and defendants' motion to quash were heard together.

At the hearing defendant made the further claim that plaintiff's claims were barred by the statute of limitations.† There was no prior notice of the defense of the statute of limitations given but both in the arguments and briefs filed respective counsel argued the applicability of the statute. The court entered an order denying plaintiff's application for

---

* See 3 Comp. Laws 1929, § 14069 (Stat. Ann. § 27.736); Court Rule No. 14, §§ 3, 4 (1933, as amended in 1939).—Reporter.

† See 3 Comp. Laws 1929, § 13976, as amended by Act No..193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).—Reporter.

leave to amend and granted the motion to quash made on behalf of defendant Stahelin. His order stated that the service of process theretofore made upon Stahelin be quashed and held for naught.

The entrance of the special appearance although one day late was timely, as plaintiff had failed to enter a default or take any action in the interim. The irregularity was cured by the subsequent filing of a special appearance. See *Smith* v. *Runnells,* 94 Mich. 617; *Home Savings Bank* v. *Fuller,* 299 Mich. 9; *Stecker* v. *Silverman,* 294 Mich. 422; *Smak* v. *Gwozdik,* 293 Mich. 185; *State Mutual Rodded Fire Ins. Co.* v. *Engel,* 269 Mich. 348.

The typewritten signature to the underwriting on the summons was a sufficient compliance with the statute and court rule. 3 Comp. Laws 1929, § 14065 (Stat. Ann. § 27.732); Court Rule No. 14, § 4 (1933, as amended in 1939); *Rudell* v. *Union Guardian Trust Co.,* 295 Mich. 157. The slight variance in the language in the original summons and the mesne summonses did not invalidate them.

The important question is whether the failure to file proof of nonservice of original or the first two alias writs before the issuance of any further alias writs is a fatal defect. Court Rule No. 14, § 1 (1933), provides that:

"If process is not executed on or before the return day, further process may be taken out as provided in Rule No. 13, § 2."

The latter rule provides:

"On the return of the writ, unserved, further writs, to be designated as first alias, second alias, etc., as the case may be, may be issued as of course at any time within 10 days after the filing of such return."

Plaintiff claims that there may be a "return" within the meaning of the court rule even though the writ lacks any statement of nonservice; that nonservice may be presumed unless positive service appears. The court rule, however, provides that on return of the writ, unserved, further writs may be issued after the filing of such return. Plaintiff claims that a return consists of the filing of the original writ. This is not the case. Bouvier defines a return as "an official statement by an officer of what he has done in obedience to a command from a superior authority, or why he has done nothing, whichever is required." (Bouvier's Law Dictionary [Rawle's 3d Rev.], p. 2952). Since a proof of nonservice is an essential element of a return, and a return is a prerequisite to the issuance of the alias summonses, the issuance of the alias summonses without a return is not permitted. We believe the correct rule is stated in *Berkman* v. *Weisinger*, 50 Misc. 515 (99 N. Y. Supp. 466), wherein it was held:

"Before authority to issue such a summons is conferred upon the clerk, the marshal or other person having the summons to serve must make a return to the effect that the defendant cannot be found so as to be served. This was not done, and the issue of an 'alias' summons was thereby unauthorized."

The requirements of the New York statutes are similar to the Michigan court rule. In Michigan there are two things which must take place. The writ must have been unserved and there must be proof of such nonservice in order to legally issue an alias summons. The first alias summons was issued on August 2, 1940, returnable October 30, 1940, and was filed on November 6, 1940. It bore no return either of service or nonservice. This also is true of the second and third alias summonses issued.

No proper alias writ therefor could be issued under the circumstances then or thereafter.

Plaintiff, however, claims that the trial court was bound by the statute of amendments (3 Comp. Laws 1929, § 14144 [Stat. Ann. § 27.838]) to grant his application to amend. When there is something of record to amend, such amendment is discretionary with the trial court as stated by Mr. Justice Cooley in *Ripley* v. *Davis,* 15 Mich. 75 (90 Am. Dec. 262):

"The application  *  *  *  was one addressed to the discretion of the court below, and its denial cannot be reviewed by this court.  *  *  *  The practice has wisely vested such court with a power of final disposition with which we have no inclination to interfere."

Plaintiff relies on *Axtell* v. *Gibbs,* 52 Mich. 639, in which Mr. Justice Cooley said:

"The return was certainly informal, but the officer should have been directed to amend it if anything depended upon its regularity in form."

The rule of the *Axtell Case* has been applied either where the return contained a slight informal irregularity, or where a valid return was tardily filed. See *Gunn* v. *Gunn,* 205 Mich. 198. It has no application to a case where there is complete absence of any return, informal or otherwise. As no valid alias summons was served, the order *pro confesso* was a nullity. See *Dutton* v. *A. W. Wallace & Co.,* 242 Mich. 481.

The order of the trial court quashing the service is affirmed, with costs to appellee.

Chandler, C. J., and Boyles, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.