BURROUGHS *v*. TEITELBAUM.

1. APPEAL AND ERROR—EQUITY—MORTGAGE FORECLOSURE—ANSWERS.
   On appeal in chancery mortgage foreclosure proceedings where decree, amended decree and plaintiffs' reply to an answer including a prayer for affirmative relief would indicate that defendants had filed an answer which does not appear in the record and of which there is no calendar entry, the case will be disposed of as though an answer had been filed denying the equities of the bill or leaving plaintiffs to their proofs.

2. MORTGAGES—CHANCERY FORECLOSURE—SALE AS ONE PARCEL.
   Upon sale under chancery foreclosure of a mortgage covering several pieces of property, it is permissible to sell all in one parcel when no offers are received for any separate parcel (3 Comp. Laws 1929, § 14377).

3. APPEAL AND ERROR—ABANDONMENT OF APPEAL—CHANCERY FORECLOSURE OF MORTGAGE.
   Where it appears that defendants in chancery proceedings to foreclose a mortgage filed preliminary notice of appeal from

original decree entered on December 19, 1932, and a supplemental notice of appeal after entry of supplemental decree, but on February 28, 1935, and March 1, 1937, filed petitions for moratorium, such appeal will be considered as having been abandoned on appeal from order denying petition to set aside sale, especially where attorneys for both sides acted as though by stipulation the appeal had been dismissed or had otherwise been abandoned (Court Rule No. 56, § 1 [1931]).

4. Mortgages—Foreclosure—Sales—Return of Service on Second Mortgagee.

Return of service on third alias summons upon second mortgagee of premises upon which first mortgage was foreclosed in chancery, showing service upon such defendant in 1932, is not disturbed on appeal of such defendant from order denying petition, filed in 1938, to set aside the sale had under decree where trial judge found that appellant had been informed of such foreclosure, of the sale, and that a moratorium had been obtained by his sons who were other defendants.

5. Process—Chancery Cases—Alias Summons—Statute of Limitations.

An alias writ in a chancery case, issued in accordance with court rule then in effect, if not good as an alias, is good as an original summons where the statute of limitations has not run (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

6. Same—Alias Summons—Statute of Limitations.

Where a writ purporting to be an alias summons has no proper basis as an alias, the previous writ not having been seasonably returned, the second writ is not for that reason void, but, the statute of limitations not having run against the suit, it should, in case the first suit goes down, be treated as a new writ for a new suit and sustained accordingly (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

7. Mortgages—Chancery Foreclosure—Second Mortgagee—Process—Alias—Statute of Limitations—Release.

Second mortgagee of premises upon which first mortgage was foreclosed in chancery was properly treated by the trial court as subject to the jurisdiction of the court and bound by the proceedings where, notwithstanding the third alias summons, returned as having been served, may not have been valid as an alias, was valid as an original summons since the statute of limitations had not run, and he had released part of the prem-

ises after foreclosure suit was commenced (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

8. SAME—SETTING ASIDE CHANCERY FORECLOSURE SALE—CLEAN HANDS—LACHES.

Second mortgagee of premises upon which first mortgage was foreclosed in chancery was not entitled to have sale under decree set aside where, notwithstanding he claimed no process had been served on him, and that the third alias summons, returned as served, was invalid for failure to preserve continuity of action, he was not before equity court with clean hands and was guilty of laches, the original trial judge, the original plaintiff, his attorney, and the process server all having died before appellant's petition for relief was filed.

Appeal from Genesee; Bishop (Clifford A.), J. Submitted April 12, 1944. (Docket No. 1, Calendar No. 42,299.) Decided June 30, 1944. Rehearing denied September 5, 1944.

Bill by George W. Hubbard against Herman Teitelbaum and others to foreclose a mortgage. Decree for plaintiff. On motions by defendants Chimovitz to set aside sale. J. Edington Burroughs and others, co-executors of estate of George W. Hubbard, deceased, substituted as parties plaintiff. Motions denied. Defendants Chimovitz appeal. Affirmed.

*Cline & George* (*Homer J. McBride,* of counsel), for plaintiffs.

*Walter C. Jones* and *Maurine L. Jones* (*Ivan Meisner,* of counsel), for defendants and appellants.

REID, J. The principal objective of this appeal is to set aside a sale of lands on foreclosure in chancery. The appeal is from an order entered November 17, 1941, denying defendants' motions to set aside the sale. The bill was filed October 16, 1931. All of the lands are situated in Genesee county.

There are several descriptions of land, some being store property in the city of Flint; one is a residence, the homestead of one of the defendants; and one parcel is acreage outside of the city of Flint. In November, 1931, all of the defendants except Morris Chimovitz appeared. On June 14, 1932, the third alias summons was returned served on Morris Chimovitz, the affidavit of service being sworn to by H. M. Koffman. On July 20, 1932, affidavit of nonappearance, affidavit of regularity and order *pro confesso* as to defendant Morris Chimovitz were filed.

Defendants complain of irregularity of proceedings because no answer had been filed. The six active defendants were in court August 5, 1932, represented by attorney Dean, also by Neithercut & Neithercut, and agreed in open court that the hearing of the case should proceed as to the foreclosure, participated in the hearing and examined witnesses on that day and on August 11, 1932. It would seem that plaintiff had received from defendants their answer which incorporated a prayer for affirmative relief. Plaintiff's reply to such answer by defendants is on file and appears in the record. The decree and the amended decree both recite that the hearing was on bill, answer and amended answer. Defendant's answer was before the court but it is not now found in the file and there is no calendar entry of it. The case will now be disposed of in the same manner as though an answer had been filed denying the equities of the bill or leaving plaintiff to his proofs.

On December 19, 1932, a decree of foreclosure sale was filed. On December 30, 1932, a preliminary notice of appeal to this Court from the order of foreclosure sale was filed in a paper in which the title of the court and cause was recited as well as

that the appeal was taken on behalf of "the appellants above named." Affidavit of service of notice of appeal was filed January 4, 1933, and on the same day an amended decree by Judge Parker of foreclosure sale was filed which recited:

"It having been *consented to in open court* by the attorneys for the plaintiff and the defendants, except Morris Chimovitz, that this court acquire jurisdiction of the rights of the defendant, city of Flint, a municipal corporation, to have this court determine the necessity of it acquiring certain portions of the mortgaged premises   *   *   *   to be used for public purposes."

The decree determined that a fair and reasonable value of the premises described in it, which were to be acquired by the city of Flint, was $1,500, one half of which was to be paid to plaintiff and one half to defendants other than Morris Chimovitz, and recited that the city of Flint was entitled to condemn descriptions 1 and 2 set forth in said amended decree of January 4, 1933. It further recited that the total amount due plaintiff on the mortgage principal and interest was $122,011.99, found defendants Louis and Nathan Chimovitz personally liable for the payment of it, ordered payment to be made by December 19, 1932, and provided for sale by the circuit court commissioner of the other property described in the mortgage. This decree apparently was intended to amend *nunc pro. tunc* clerical errors in dates in the former decree for foreclosure sale. The defendants should have urged at that time, if not before, their claims as to usury and shown the true balance due on the mortgage.

On January 23, 1933, appearance of plaintiff on appeal was filed. On February 8, 1933, the commissioner's report of sale was filed and order *nisi* con-

firming it was filed February 10, 1933. On February 17, 1933, the two defendants Teitelbaum and the four defendants Chimovitz, except Morris, by Oscar Dean, their attorney, filed with the circuit court their objections to confirmation of such report. They alleged, among other things, a sale in one parcel and not in separate parcels, and the inclusion of a homestead, but did not mention in their objections the fact of an appeal, claim of usury, or that the amount found due in the foreclosure decree was excessive. They claimed that, contrary to the recital in the report, the sale was in fact in two parcels. Apparently these six defendants had abandoned their appeal and were making themselves heard in the circuit court as though no appeal were pending. Supplemental notice of appeal was filed June 29, 1933, by Oscar Dean, attorney for defendants (apparently the same six defendants for whom he had formerly appeared). On January 3, 1934, the answer of plaintiff to the defendants' objections to the report was filed. On January 11, 1934, the testimony was offered before the circuit court, and the circuit court commissioner was sworn as a witness. His testimony showed that the individual pieces of property were offered first, separately, and, on his receiving no bids, were sold as one parcel for $120,000. Louis Chimovitz, apparently sworn on his own behalf, also testified as to the procedure at the sale. The two parcels which the city was accorded the privilege of condemning were disposed of in the meantime by the city's payment of $1,500 and the city received conveyance.

A chancery sale in one parcel is permissible when no offers are received for any separate parcel.* *Walsh* v. *Colby,* 153 Mich. 602 (126 Am. St. Rep. 546).

---

* See 3 Comp. Laws 1929, § 14377 (Stat. Ann. § 27.1145).—RE-PORTER.

On January 16, 1934, the circuit judge's unconditional order confirming the sale was filed. Petitions in the circuit court for moratorium were filed by defendants February 28, 1935 and March 1, 1937. The moratorium file was offered in evidence on a hearing in the circuit court but the contents thereof are not set forth in the record before this Court. When the first petition for a moratorium was filed, more than 18 months had elapsed after both the preliminary notice of appeal (December 30, 1932) and the supplemental notice of appeal (June 29, 1933) had been filed. Appellants elected to use a "bill of exceptions" which was never prepared (3 Comp. Laws 1929, § 15514 [Stat. Ann. 1943 Rev. § 27.2614]). But see Court Rule No. 56, § 1 (1931). Time to settle the "bill of exceptions" was never extended in circuit court or this Court.

On November 17, 1942, the circuit court denied defendants' motions to set aside the sale after finding that they had waived any irregularities in the foreclosure by their proceedings in this matter.

The defendants must be considered by this Court to have abandoned their appeal as the record does not disclose what actually became of it. On both sides the original attorneys acted as though by stipulation the appeal had been dismissed or had otherwise been abandoned. An examination of the records and files of this Court discloses no entry concerning said appeal.

On October 22, 1938, by their present attorneys, the four Chimovitzes, not including Morris, filed a petition to set aside the sale for the following reasons:

"(a) because the said case was not at issue at the time of the filing of the decree.

"(b) because defendants were ordered and directed to pay sums decreed to be due on the day * * * the first decree was filed.

"(c) because the sale by the first decree was ordered before the decree was signed and filed.

"(d) because any sale under the first decree was void.

"(e) because the second and amended decree was filed which superseded the former decree and, any sale made, must be under the amended decree.

"(f) because not sufficient time was allowed for the notice of sale after the amended decree was filed, and sale was therefore void.

"(g) because the amended decree orders the defendants to pay the amount found to be due, 14 days before the decree was filed, and therefore the sale could not be held thereunder.

"(h) because the properties consist of several separate pieces and they were sold as a whole, thereby preventing the defendants from redeeming any separate piece or parcel.

"(i) because the orders of the circuit court were made after the claim of appeal was filed, and therefore without the jurisdiction of the court."

The order now appealed from denied this petition. On the same day, October 22, 1938, Morris Chimovitz filed his petition by the same attorneys who then appeared for the other defendants to set aside the decree and sale. The petition was supported by his own affidavit and that of his daughter, Pearl Tarnopol. By these affidavits it would appear that he was not served with process but that instead his son-in-law Tarnopol was served. Morris Chimovitz resided with his said daughter and her husband. The trial judge was correct in his conclusion that Morris Chimovitz, the owner of a second mortgage on these premises, had been informed that the first mortgage had been foreclosed and the premises sold and that a moratorium had been obtained by his own sons, defendants. Under all the circumstances, we conclude to let the return by Koffman stand as setting forth the actual fact in the case.

Morris Chimovitz further claimed that the is-
suance of the so-called third alias summons that
was served upon him was void and without juris-
diction of the court to issue it. Defendants' claim
as to irregularity is that the summons was filed with
a return showing service upon all parties except
Morris Chimovitz and no statement that he could
not be found after diligent search; that an alias
summons was issued without being based upon any
return and that the first alias summons was filed
five days after the return date without any return
attached; the second alias summons was issued
March 11, 1932, returnable April 11, 1932, and was
filed May 20, 1932, without any return and the third
alias summons was issued May 20, 1932, returnable
June 20, 1932, and was filed June 19, 1932, with the
return by H. M. Koffman, which was the disputed
return.

Defendants cite the case of *Rood* v. *McDonald,* 303
Mich. 634, the factual background of which case
renders that decision inapplicable to the instant
case. The real substance of our decision in the
*Rood Case, supra,* is that under the circumstances of
that case there was no abuse of discretion in the
trial court's denial of plaintiff's application to
amend the return on the original summons and on
alias summonses issued prior to the alias which was
finally served on defendant. It does not fully ap-
pear from our opinion that in so ruling the trial
court was motivated by the involvement of the
statute of limitations, which is not involved in the in-
stant case. In the *Rood* opinion we said, p. 636:

"At the hearing (of defendant's motion to quash
service) defendant made the further claim that
plaintiff's claims were barred by the statute of

limitations.* There was no prior notice of the defense of the statute of limitations given but both in the arguments and the briefs filed respective counsel argued the applicability of the statute.''

Because the trial court in the *Rood Case* upon the hearing of defendant's motion to quash service found as a fact that prior to the service of the alias summons upon defendant, plaintiff's cause of action was barred by the statute of limitations, the trial court granted the motion to quash, and that holding was affirmed by this Court. In the respect just above noted as to the statute of limitations, the *Rood Case* must be distinguished from the instant case.

In the case of *Westlawn Cemetery Ass'n* v. *Wayne Circuit Judge,* 238 Mich. 119, 123, we said:

"It is next urged that the *alias* writ was not issued in accordance with Circuit Court Rule No. 18. But it should be noted that Rule 18 deals with writs on the law side and Rule 19 deals with chancery summons, section 1 of which rule provides in part:
\*    \*    \*

" 'And if process is not executed on or before the return day, further process may be taken out of course, as often as may be necessary.'

"But if the writ was not good as an *alias*, it was good as an original summons, the statute of limitations not having run. *Frantz* v. *Railway,* 147 Mich. 199; *Axtell* v. *Gibbs,* 52 Mich. 639; *Gunn* v. *Gunn,* 205 Mich. 198.''

The necessity of complying with rule requirements in taking out alias or pluries summons in order to preserve continuity of action and thereby

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).—REPORTER.

avoid the bar of the statute of limitations was fully considered in *Home Savings Bank* v. *Young,* 295 Mich. 725. We therein held plaintiffs' suit was barred because of failure to preserve continuity of action, but we said: "If the statute of limitations had not run against plaintiffs' suit, a different conclusion might be necessitated." And in this connection we quoted the syllabus in *Gunn* v. *Gunn,* 205 Mich. 198, as follows:

" 'Where a writ purporting to be an alias summons has no proper basis as an alias, the previous writ not having been seasonably returned, the second writ is not for that reason void, but, the statute of limitations not having run against the suit, it should, in case the first suit goes down, be treated as a new writ for a new suit and sustained accordingly.' "

There is no claim in the instant case that plaintiff's cause of action was barred by the statute of limitations at the time Morris Chimovitz was served with an alias summons, and therefore the irregularity in the issuance of such alias did not render its service ineffective.

Morris Chimovitz without appearing in the case made part release of the premises covered by the mortgage being foreclosed in this proceeding, subsequent to the order authorizing the city to take over the property thus released from the mortgage. The release was witnessed by Dean, attorney for all the other defendants in the case except the city. The plaintiff mortgagee, interested in the transaction for the part release, and his attorney, Stockton, both doubtless had knowledge of Morris Chimovitz's acts respecting the conveyance. It is fairly to be considered that Morris Chimovitz by indirectly taking his part of the consideration paid by the city

knowingly benefited by the order of the court to the extent of his receipt of part payment.

Morris Chimovitz was properly treated by the trial court as subject to the jurisdiction of the court and is bound by the proceedings in this case. In any event under and because of the facts herein noted relative to Morris Chimovitz, we hold that in asking the affirmative relief presently sought he is not before the equity court with clean hands, and, further, is guilty of laches in consequence of which the relief sought by him must be denied.

The bill was filed in the first instance by George W. Hubbard, who died March 6, 1937, and by order in open court on January 16, 1939, the above named coexecutors were substituted as plaintiffs.

Notwithstanding many irregularities about the proceedings to foreclose this mortgage, the fact still remains that the final amendatory decree had been made by Judge Parker in January, 1933, after hearing objections raised by defendants. Before the motions filed October 22, 1938, by defendants, the circuit judge before whom the foreclosure proceedings occurred, Mr. Hubbard, original plaintiff, Mr. Stockton, plaintiff's attorney, and Mr. H. M. Koffman, who made the affidavit of service, had died. As before noted, appellants are guilty of laches. They have no right to have their matter again litigated.

The order appealed from is affirmed, with costs of both courts to plaintiffs.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. WIEST, J., did not sit.