## HAMILL v. JENKS.

1. PROCESS—KNOWLEDGE OF RETURN DATE.

Plaintiff is chargeable with knowledge of the return day chosen for return of process (CL 1948, § 613.3; Court Rules Nos 13, 14 [1945]).

2. SAME—LOSS OF LIVE PROCESS—LACK OF DILIGENCE—RETURN—ALIAS.

Lack of diligence in obtaining proper return of summons and having alias summons issued either as of course or upon order of the court *held*, the basis for loss of live process, rather than the fact that someone made an unauthorized change of return date on the summons or the failure of the deputy sheriff to make proper return of the summons, where return was not made until nearly a month after original return date and over 4 months more elapsed before plaintiff filed original writs of summons and before he made motions for corrected returns and for alias summons (CL 1948, § 613.3; Court Rules Nos 13, 14, 15 [1945]).

3. SAME—BELATED SERVICE.

Service of process must be made within the time fixed by statute or as specified in the process, if a return day is properly stated therein, hence, legal service was not effected by the belated service of process that had expired by its own terms.

4. MECHANICS' LIENS—STATUTE OF LIMITATIONS—SERVICE OF PROCESS.

The statute of limitations is tolled by filing a bill in chancery to foreclose a mechanic's lien of which service of process is only a step in the cause, but the general rules of equity must be observed subsequent to the commencement of the action (CL 1948, § 570.27).

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  42 Am Jur, Process § 26.
[4–7]  34 Am Jur, Limitation of Actions § 256.
[8]  5 Am Jur 2d, Appeal and Error § 1009.

5. Process—Court Rules—Statute of Limitations.

Court rule requirements concerning issuance of original summons, return days, return of nonservice of process, and issuance of alias summons must be complied with in order to preserve continuity of the action so as to toll the statute of limitations (CL 1948, § 609.19; Court Rules Nos 13, 14, 15 [1945]).

6. Same—Break in Continuity of Action.

A break in continuity of action was effected where there was no live process in existence which could have been legally served on defendant wife for a period of more than 5-1/2 months at a time subsequent to the running of the statute of limitations, hence dismissal as to such defendant was proper (CL 1948, § 609.19; Court Rules Nos 13, 14, 15 [1945]).

7. Same—Alias—New Writ—Statute of Limitations.

A writ which may not be sustained as an alias writ because of irregularities in its issuance, can be treated as a new writ and as commencement of a new suit and sustained accordingly and where record is lacking as to the periods of time defendant, sought to be served, was absent from the State, order quashing service is remanded for ascertainment of whether he was absent for periods of time in excess of 2 months at any one time after the statute of limitations had begun to run (CL 1948, § 609.19; Court Rules Nos 13, 14, 15 [1945]).

8. Costs—Statute of Limitations—Absence from State—Service of Process.

Costs on appeal are ordered to await circuit court's determination on remand as to whether statute of limitations barred action to foreclose mechanic's lien against defendant father, where present record fails to show periods during which he was absent from State which affected continuity of action to foreclose mechanic's lien against him (CL 1948, § 609.19; Court Rules Nos 13, 14, 15 [1945]).

Appeal from Emmet; Fenlon (Edward H.), J. Submitted Division 3 May 11, 1965, at Lansing. (Docket Nos. 7, 8.) Decided September 20, 1965.

Bill by Richard Hamill, doing business as Hamill Manufacturing Company, against Barbara Jean

Jenks and Vern R. Jenks, Jr. to enforce a mechanic's lien.  Similar action against Vern R. Jenks, Sr. Cases consolidated.  Defendants' motions to dismiss granted.  Plaintiff appeals. . Affirmed in part; reversed in part and remanded.

*Albert T. Washburne (Edwin G. Pailthrop,* of counsel) and *Donald G. Fox,* for plaintiff.

*Nathaniel W. Stroup,* for defendants.

HOLBROOK, J.  On November 8, 1961, plaintiff filed two companion bills in chancery against the defendants, Vern R. Jenks, Jr., and Barbara Jean Jenks, his wife, and Vern R. Jenks, Sr., for foreclosure of two separate mechanics' liens upon certain real estate located in Emmet county.  These actions would have been barred by CL 1948 and CLS 1961, § 570.1 *et seq.* (Stat Ann 1953 Rev and Stat Ann 1961 Cum Supp § 26.281 *et seq.*), unless commenced prior to November 18, 1961.  Writs of summons were issued in each case on November 8, 1961, returnable December 15, 1961.  Both original summons together with copies were mailed by one of plaintiff's Petoskey attorneys to plaintiff's Lansing attorney who delivered the same to the deputy sheriff of Ingham county for service on defendants.

While the original summons were in the deputy's care, someone, without authority of the court and without knowledge of any of the attorneys on either side, changed the return dates to January 31, 1962.

January 13, 1962, the deputy sheriff forwarded both original summons to plaintiff's Petoskey attorney with returns indorsed thereon showing service on Barbara Jean Jenks and Vern R. Jenks, Jr., January 3, 1962.

On January 18, 1962, Barbara Jean Jenks, defendant, entered her special appearance in each case for the purpose of moving to quash service and for dismissal.

On June 1, 1962, plaintiff's attorney filed the original writs of summons in each case with the clerk of the court.

In an order dated June 6, 1962, and filed July 27, 1962, the circuit judge quashed and dismissed orders for appearance and publication as to Vern R. Jenks, Sr., previously entered May 4, 1962, and granted plaintiff alias summons against defendant Vern R. Jenks, Sr., returnable on or before the 31st day of August, 1962. These were served August 14, 1962, and returned September 4, 1962.

Motions of defendant Barbara Jean Jenks and Vern R. Jenks, Sr., for dismissal, were brought on for hearing and the Honorable Edward N. Fenlon, circuit judge, on December 7, 1962, entered decree of dismissal in each case as to Barbara Jean Jenks and Vern R. Jenks, Sr., as barred by the statute of limitations, from which orders plaintiff appeals.

The plaintiff-appellant claims he was prevented from seeking an alias summons as to Barbara Jean Jenks, defendant, because the deputy sheriff failed to promptly return the summons as required by Court Rule No 13 (1945), and further because the return date on the summons had been changed without plaintiff's consent or knowledge. He claims the benefit of CL 1948, § 609.19 (Stat Ann § 27.611) which provides:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, * * * the plaintiff may commence a new

action for the same cause, at any time within 1 year after the abatement or other determination of the original suit."

CL 1948, § 613.3 (Stat Ann § 27.733) and Court Rules Nos 13, 14 (1945)[1] permitted process to be returned *at any time within three months.* Plaintiff chose the return day of December 15, 1961, and is chargeable with this knowledge. He failed to take action to require the return of the two original summons by the officer after expiration of the return date as provided in Court Rule No 15, § 2 (1945):

"If any sheriff * * * shall fail to return any process to him delivered, on or before the day therein specified, any party interested in procuring a return may cause a rule to be filed requiring such officer or person to return the process."

Court Rule No 14, § 1 (1945) provides in part:

"If process is not served on or before the last day fixed for service, further process may be taken out as provided in Rule 13, § 2."

Court Rule No 13, § 2 (1945) provides in part:

"On the return of the writ, unserved, further writs, to be designated as first alias, second alias, et cetera, as the case may be, may be issued *as of course* at any time within 10 days after the filing of such return *or within a reasonable time thereafter by leave of court on good cause shown.*" (Emphasis supplied).

The fact that someone changed the return date on the summons or the failure of the deputy sheriff to properly make return on the summons was not the cause of plaintiff's loss of live process but rather plaintiff's lack of diligence in obtaining proper return of the summons and having alias summons

---

[1] CLS 1961, § 600.1905 (Stat Ann 1962 Rev § 27A.1905), and GCR 1963, 102, now control the issuance of summons and without a return day specified.

issued either as of course or upon order of the court. This fact together with plaintiff's failure to file the returns of the two summons from January 13, 1962, to June 1, 1962, without making motions for corrected returns and for alias summons, requires the conclusion that plaintiff's fault precludes him from the benefit of the statute providing for one year's extension of the statute of limitations. *Home Savings Bank* v. *Young* (1940), 295 Mich 725; *Home Savings Bank* v. *Fuller* (1941), 299 Mich 9; *Hammel* v. *Bettison* (1961), 362 Mich 396.

Plaintiff contends that service of process on defendant Barbara Jean Jenks, even though made January 3, 1962, eighteen days after the return day stated in the summons should be allowed as valid service.

In *Rudell* v. *Union Guardian Trust Co.* (1940), 295 Mich 157, 161, Mr. Justice NORTH stated:

"While not fully in point but as bearing somewhat on the questions under consideration, see *Van Slyck* v. *Arseneau*, 140 Mich 154; *Foster* v. *Talbot*, 257 Mich 489; *Neidhold* v. *Henry*, 210 Mich 598. In the last-cited case we said: 'The only purpose of stating a return day therein is to advise the officer within what time such service must be had.'"

In 1 Callaghan's Michigan Pleading and Practice, § 16.23, it is stated:

"Service must be made within the time fixed by statute or as specified in the process, if a return day is properly stated therein."

The court rule required the return of the process by the officer at the latest by December 20, 1961. Legal service under the facts of this case was not effected by the belated service of process that had expired by its own terms.

Plaintiff-appellant also asserts that this is a statutory proceeding and the statute of limitations is

tolled by filing the bill in chancery and that the service of process is only a step in the cause and cites *Sheridan* v. *Cameron* (1887), 65 Mich 680. This is true, however, the general rules of equity must be observed subsequent to the commencement of the action.

The statute applicable, CL 1948, § 570.27 (Stat Ann 1953 Rev § 26.307) provides:

"The practice in all suits brought to enforce liens under the provisions of this act shall be the same as in ordinary chancery cases and the court shall have the same power and jurisdiction over the subject matter and parties to the suit as in other chancery cases, except as herein otherwise expressly provided."

In the case of *Burroughs* v. *Teitelbaum* (1944), 309 Mich 251, a chancery foreclosure action, the rule appears clear as stated by Mr. Justice REID on pp 260, 261, as follows:

"The necessity of complying with rule requirements in taking out alias or pluries summons in order to preserve continuity of action and thereby avoid the bar of the statute of limitations was fully considered in *Home Savings Bank* v. *Young,* 295 Mich 725. We therein held plaintiff's suit was barred because of failure to preserve continuity of action, but we said: 'If the statute of limitations had not run against plaintiffs' suit, a different conclusion might be necessitated.'"

The court rules must be followed concerning issuance of original summons, return days, return of nonservice of process, and issuance of alias summons in order to preserve continuity of the action to toll the statute of limitations.[2]

---

[2] The statutes of limitations are now tolled as provided in CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

With no live process in existence which could have been legally served on Barbara Jean Jenks for a period of more than 5½ months at a time subsequent to the running of the statute of limitations, we conclude that there was a break in continuity of this action and therefore, the trial judge was correct in dismissing as to defendant Barbara Jean Jenks.

This same ruling will apply as to defendant Vern R. Jenks, Sr., with the exception of our determination concerning plaintiff's claim that the statute of limitations was tolled by periods of time when the said Vern R. Jenks, Sr., was absent from the State, within the meaning of CL 1948, § 609.17 (Stat Ann § 27.609).

An alias writ against Vern R. Jenks, Sr., was authorized by the court by order dated June 5, 1962. Even though this alias could not be sustained because of irregularities in its issuance, it can be treated as a new writ and as commencement of a new suit and sustained accordingly. *Burroughs* v. *Teitelbaum, supra, Lancey* v. *Wells* (1961), 362 Mich 605. However, if the statute of limitations had run before the issuance of the alias, a break in the continuity of the action is fatal and bars the action. *Parker Brothers Co.* v. *Pennsylvania R. Co.* (1928), 242 Mich 214; *Danaher* v. *Ross* (1936), 278 Mich 485; *Home Savings Bank* v. *Fuller, supra; Yeager* v. *Mellus* (1950), 328 Mich 243.

The record on the motions is lacking as to the periods of time that the defendant Vern R. Jenks, Sr., was absent from the State. Plaintiff should have an opportunity to have this determined. We therefore set aside the trial court's order quashing service and the dismissal of the action as to Vern R. Jenks, Sr., and remand to the circuit court for the taking of testimony of Vern R. Jenks, Sr., by

deposition, or otherwise relating to the periods of time in excess of two months at any one time that he was absent from the State of Michigan, from and after November 18, 1960, following which the trial court shall rehear defendant's motion to quash service of process and for dismissal and determine the same consistent with this opinion.

Judgment of dismissal as to Barbara Jean Jenks, defendant, is affirmed, with costs to appellee.

On remand of the case as to Vern R. Jenks, Sr., costs shall await the circuit court's determination. Costs to appellant if he prevails; costs to appellee if he prevails.

LESINSKI, C. J., and BURNS, J., concurred.