SCULLY v. VANDER GIESSEN.

1. PROCESS—ALIAS WRIT—STATUTE OF LIMITATIONS—TOLLING OF STATUTES.
   Alias summons, issued after the time provided by the statute of limitations for beginning action had run, had to issue in accordance with then effective court rule to preserve continuity of action required to toll the statute of limitations (Court Rule No 13, §§ 1, 2 [1945]).

2. SAME—RETURN DAY—EXTENSION OF RETURN DATE.
   Once summons had issued under former court rule, bearing return date chosen by plaintiff's attorney, authorization by court was required to extend return date, even though extended return date could have been chosen by attorney in the first instance under the rule (Court Rule No 13, § 1 [1945]).

3. SAME—ALIAS SUMMONS—CONTINUITY OF ACTION.
   Alias summons issued within 10 days after latest return date that could have been chosen by plaintiff's attorney under the former court rule, and after time limited by statute of limitations had run, held, not to preserve continuity of action necessary to toll statute of limitations, where alias summons was issued more than 60 days after return date actually specified in original summons and more than 28 days after constable's return of nonservice of original summons was actually made, even though plaintiff's attorney instructed constable to extend return date on original summons in his hands to latest return date permissible under rule (Court Rule No 13, §§ 1, 2 [1945]).

Appeal from Kent; Searl (Fred N.), J.   Submitted Division 3 May 11, 1966, at Grand Rapids. (Docket No. 345.)   Decided October 11, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  34 Am Jur, Limitation of Actions § 255 *et seq.*

Declaration by Mary Jane Scully against Josephine Vander Giessen for personal injuries received in an automobile accident. Defendant's motion to quash service granted. Plaintiff appeals. Affirmed.

*Godfrey Vander Werff* and *Woodrow Yared,* for plaintiff.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for defendant.

J. H. GILLIS, J. Plaintiff Mary Jane Scully was injured in an automobile accident on October 27, 1959.

On October 4, 1962, plaintiff's attorney filed a declaration and original summons with a return date of November 4, 1962. The constable was unable to effectuate service within the allotted time and the attorney instructed the officer to extend the return date and take advantage of the full 90 days allowed for service of process.* Contrary to these instructions, the officer did not extend the return date and filed his return of nonservice of process on December 13, 1962.

On January 10, 1963, the attorney became aware of this situation and attempted to have, and ultimately succeeded in having, an alias summons issued. Substituted service was eventually obtained by plaintiff's substituted attorneys. Defendant's attorney entered a special appearance and filed a motion to quash service, alleging an interruption in

---

* The applicable court rule for this suit is Court Rule No 13, §§ 1, 2 (1945). See, currently, CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856), prescribing method of tolling the statute of limitations; also, CLS 1961, § 600.1905 (Stat Ann 1962 Rev § 27A.1905), and GCR 1963, 102, governing issuance of summons, which do not specify a return date.

the continuity of the action. Service was quashed and the plaintiff appeals from this order and the order again granting defendant's motion after rehearing.

In the present case the first alias was issued after the applicable statute of limitations had run.

" 'When the statute of limitations has run before the issuance of the alias, a "break in the continuity of the action" prior to the issuance of the alias is fatal and bars the action.' " *Hammel* v. *Bettison* (1961), 362 Mich 396, 400.

The plaintiff's attorney voluntarily chose the return date of November 4, 1962, and absent a court authorization changing this date, the attorney was required to file his alias within 10 days of the filing of this return.

"The court rules must be followed concerning issuance of original summons, return days, return of nonservice of process, and issuance of alias summons in order to preserve continuity of the action to toll the statute of limitations." *Hamill* v. *Jenks* (1965), 1 Mich App 381, 387.

In the instant case the continuity of action has not been preserved "prior to the issuance of the alias [and this] is fatal and bars the action." *Hammel* v. *Bettison, supra.*

Judgment affirmed. Costs to appellee.

Holbrook, P. J., and Fitzgerald, J., concurred.