DOLLAND *v.* ACADEMY ASPHALT PAVING COMPANY

1. LIMITATION OF ACTIONS — TOLLING — PROCESS — SERVICE — OFFICERS — CONSTABLES.

A constable is an "officer" within the meaning of the statutory provision for tolling the statutes of limitations because a constable is not only statutorily empowered to serve any writ, process, or order lawfully directed to him, in any township in his county, but also he is statutorily recognized as a court officer with power to perform that duty (MCLA §§ 41.83, 600.584, 600.5856).

2. OFFICERS — PROCESS — SERVICE — CONSTABLES — CONSTITUTIONAL LAW — STATUTES.

Constitutional deletion of constables as constitutional officers did not in itself eliminate their traditional power to serve process where, apart from that deletion, statutory provisions authorizing them to serve process are still in effect and there is no specific evidence of legislative intent to exclude constables from their traditional duty as servers of process (Const 1963, art 7, § 18; MCLA §§ 41.83, 600.584).

3. LIMITATION OF ACTIONS — TOLLING — PROCESS — SERVICE — OFFICERS — CONSTABLES.

Constable's posting of a copy of summons and complaint on the door of corporate defendant's place of business, pursuant to court order for substituted service, tolled the statute of limitations because the statute merely requires an officer, not a constitutional officer, for tolling purposes.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 April 16, 1970, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 42 Am Jur, Process § 24.
[3] 51 Am Jur 2d, Limitation of Actions § 211.

(Docket No. 7,007.)  Decided May 27, 1970.  Rehearing denied July 2, 1970.

Complaint by Frances Dolland and Dale Charles Dolland against Academy Asphalt Paving Company and Kenneth Earl Hollon, for damages sustained in an automobile accident.  Accelerated judgment for corporate defendant.  Plaintiffs appeal.  Reversed and remanded.

*Ward & Campbell,* for plaintiff.

*Sullivan, Ranger & Ward,* for Academy Asphalt Paving Company.

Before: R. B. Burns, P. J., and Fitzgerald and Van Domelen,* JJ.

Fitzgerald, J.  This appeal arises out of an automobile accident which occurred on December 14, 1964, in Sterling Township.  The original action was commenced by the filing of summons and complaint on November 28, 1967.  Copies of the summons and complaint were placed in the hands of George Moore, a constable of the municipal court for the City of Roseville, for immediate service upon the defendants Academy Asphalt Paving Company and Kenneth Earl Hollon.

Attempts to effectuate service of process upon defendants were unsuccessful and continued up to March 7, 1968.  Plaintiffs apparently were unable to ascertain the whereabouts of defendant Hollon and therefore he was never served with process. In the case of the corporate defendant, in spite of the fact that the location of its offices was known, Constable Moore was unable to gain access to the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

premises to serve anyone, nor was he successful in attempts to serve any of the officers, directors, or resident agent.

On March 8, 1968, pursuant to an order of the Macomb County Circuit Court for substituted service, Moore posted a copy of the pleadings on the door of the corporate defendant's place of business. Shortly thereafter, defendant filed a motion for accelerated judgment, the basis of which was the running of the statute of limitations. The motion for accelerated judgment was granted on February 3, 1969.

The sole issue raised on this appeal is whether Constable Moore was an "officer" as contemplated by MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) so as to toll the statute of limitations for an additional 90-day period. The provision of the statute with which we are concerned provides:

"The statutes of limitations are tolled when
*  *  *

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an *officer* for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis supplied.)

In their argument, plaintiffs cite the revised judicature act for the proposition that constables are expressly recognized as court officers. They also contend that a constable may serve any process or order lawfully directed to him in any township in his county. Defendant, while recognizing the fact that George Moore had been designated a constable by the City of Roseville, claims that such a designation is a misnomer. Defendant argues that the powers and duties of a constable as defined by the Roseville City Charter include those conferred by law upon constables in townships as well as the

specific power to serve processes issued for violations of city ordinances. In view of the fact that the 1963 Michigan Constitution omits the office of township constable as a constitutional office, defendant contends that George Moore possesses no powers except those specifically conferred upon him by the Roseville City Charter. It argues that in view of these limitations, the power and authority granted Moore in his capacity as a constable by the city charter is much too limited to qualify him as an "officer" under the tolling statute.

In reviewing this matter, the Court is cognizant of the fact that only one reported Michigan decision has as yet enumerated those individuals within the classification of "officer" and, specifically, no case has addressed itself to whether a constable is an "officer" within the meaning of the statute, *supra*. An examination of the committee comments following the statute states:

"It should also be noted that in order to secure the benefits of subsection (3), a copy of the summons and complaint must be placed in the hands of an '*officer*,' and not just any person of suitable age and discretion." (Emphasis supplied.)

In *Constantini* v. *Hofer* (1967), 5 Mich App 597, this Court reviewed an accelerated judgment based on the running of the statute of limitations covering tort actions. It was held that delivery of a copy of the summons and complaint to an attorney for service did not toll the statute since an attorney is not an "officer" within the meaning of the tolling statute. In *Salmanovitz* v. *Dexter-Davison Markets, Inc.* (1969), 17 Mich App 390, this Court held that a bailiff is empowered to serve processes received from a circuit court commissioner and in this capacity he may be considered an officer for the pur-

pose of tolling the statute of limitations for 90 days. Hence, in summation of the above, while it has been determined that bailiffs, when serving processes of circuit court commissioners, fit into the statutory class designated as "officer," it is known that attorneys and just any person of suitable age and discretion do not.

An examination of case law discloses that over the years constables have acted primarily as local peace officers, ministerial officers of justice courts, and bailiffs of courts of record. Traditionally, service of process has been among the duties performed by these township officers. *White* v. *Board of Supervisors of Manistee County* (1895), 105 Mich 608; *People* v. *Smith* (1861), 9 Mich 193; *Allor* v. *Board of Auditors of the County of Wayne* (1880), 43 Mich 76. Also, in *Scully* v. *Vander Giessen* (1966), 4 Mich App 493, this Court, although addressing itself to a case arising under the prior Court Rule No 13, § 1 (1945), which was superseded by MCLA § 600-.5856 (Stat Ann 1962 Rev § 27A.5856), treated a constable as an "officer" for purposes of serving process and tolling the statute of limitations.

The township officers' act contains language which provides recognition of constables and their function as process server. In MCLA § 41.83 (Stat Ann 1961 Rev § 5.75), it is stated that:

"Any constable may serve any writ, process, or order lawfully directed to him, in any township in his county."

Again, in MCLA § 600.584 (Stat Ann 1962 Rev § 27A.584), the Revised Judicature Act gives recognition to the fact that a constable may possess the power to serve process by stating:

"The sheriff, his deputies, and any coroner or constable having the power to perform such duty may require suitable aid in (a) serving process  *  *  *  ."

While Const 1963, art 7, § 18, eliminated constables as constitutional officers, this does not in itself eliminate the traditional powers of their office. Apart from the constitutional deletion, we find no specific evidence of legislative intent to exclude constables from their traditional duty as servers of process. The statutory provisions which authorize constables to serve process, and provisions for receiving assistance in their duties, have not been repealed and are still in effect. In addition, the statute with which we are concerned requires an "officer" for purposes of tolling the statute and no mention is made of a "constitutional officer".

In view of the authorities mentioned above, we find that Constable Moore was an "officer" as contemplated by MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) so as to toll the statute of limitations.

Parenthetically, we might point out that it is a common practice in jurisdictions throughout the state to bestow the additional designation of "deputy sheriff" upon local constables. While the record makes no reference to Mr. Moore's status on this particular point, we cannot help but observe that had the requisite deputization taken place, the whole problem would not have occurred.

Reversed and remanded. Costs to appellants.

All concurred.